USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/11/2015

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
 NATALYA ZHAGAR,                                                 :
                                                                 :
                                      Plaintiff,                 :
                                                                 :          1:14-cv-7614-GHW
                  -v -                                           :
                                                                 :          MEMORANDUM OPINION
COMMISSIONER OF SOCIAL SECURITY,                                 :              AND ORDER
                                                                 :
                                      Defendant.                 :
-----------------------------------------------------------------X
```

GREGORY H. WOODS, United States District Judge:

Plaintiff Natalya Zhagar brought this action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), challenging the final decision of the Commissioner of Social Security (the "Commissioner") determining that she was not eligible for Supplemental Security Income benefits ("SSI") based on her immigration status. The Commissioner now moves for judgment on the pleadings. For the following reasons, the Commissioner's motion is granted.

I.     Background

Ms. Zhagar was born in Azerbaijan in 1948 and is a citizen of Russia. *See* Dkt. No. 10 (Administrative Record) ("AR") at 147-48. On July 31, 1996, she entered the United States on a visitor visa that was issued on August 3, 1995 and that expired on August 2, 1996. *Id.* at 136, 148-49. After her visa expired on August 2, 1996, Ms. Zhagar remained in the United States without any lawful immigration status. *Id.* at 76-78, 149-50.

Ms. Zhagar subsequently applied for withholding of removal under the Immigration and Nationality Act ("INA"). *Id.* at 99. On July 31, 2000, an immigration judge granted this application. *Id.*

Ms. Zhagar worked in the United States for 10 years as a home attendant, paid taxes on her wages, and was granted work authorization, at least from the period of June 22, 2011 through June

22, 2013. *Id.* at 75, 151. Ms. Zhagar, however, has never received SSI, and, apart from her removal being withheld in July 2000, her immigration status has remained unchanged. *Id.* at 71-72, 76-78.

## II.     Procedural History

Ms. Zhagar applied for SSI on December 28, 2011, alleging that she was disabled as of December 24, 2010. *Id.* at 19, 24. On January 25, 2012, the Commissioner denied Ms. Zhagar's application on the ground that she was not a United States citizen or national or an eligible alien as of the date of her application. *Id.* at 24. Reconsideration was denied on February 28, 2012. *Id.* at 43. Ms. Zhagar subsequently requested a hearing before an administrative law judge ("ALJ"). *Id.* at 47. On May 28, 2013, Ms. Zhagar, with the assistance of counsel, appeared and testified before ALJ Maryellen Weinberg. *Id.* at 144-55.

On November 7, 2013, the ALJ denied Ms. Zhagar's SSI application. *Id.* at 9-16. The ALJ determined that Ms. Zhagar was not eligible for SSI because she was neither a citizen or national of the United States nor a "qualified alien" that satisfied an exception to ineligibility set forth under the INA. *Id.* at 14-15. With respect to the latter finding, the ALJ determined, among other things, that Ms. Zhagar was not lawfully residing in the United States on August 22, 1996, and that she did not apply for SSI within seven years after her removal was withheld. *Id.* The Appeals Council denied Ms. Zhagar's request for review on September 3, 2014, rendering the ALJ's decision the final decision of the Commissioner. *Id.* at 2-4.

Ms. Zhagar, proceeding *pro se*, timely filed the instant complaint on September 15, 2014. *See* Dkt. No. 1. The Commissioner has filed a motion for judgment on the pleadings, *see* Dkt. No. 12 ("Comm. Mot."), which is opposed by Ms. Zhagar, *see* Dkt. No. 13 ("Zhagar Opp.").

## III.    Analysis

### A.     Legal Standards

In reviewing a final decision of the Commissioner, a district court may "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision . .

. , with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). The Commissioner's decision may be set aside only if it is based on legal error or unsupported by "substantial evidence." *See Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013). "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks omitted). The substantial evidence standard is "a very deferential standard of review—even more so than the 'clearly erroneous' standard." *Brault v. Soc. Sec. Admin.*, 683 F.3d 443, 448 (2d Cir. 2012).

In order to be eligible for SSI, an individual must be a resident of the United States and either a United States citizen or "an alien lawfully admitted for permanent residence or otherwise permanently residing in the United States under color of law." 42 U.S.C. § 1382c(a)(1)(B)(i). Additionally, under the INA, "[n]otwithstanding any other provision of law . . . , an alien who is a qualified alien . . . is *not* eligible for any specified Federal program," including SSI, unless he or she satisfies one of several enumerated exceptions. 8 U.S.C. § 1612(a)(1) (emphasis added). The statute defines "qualified alien" as follows:

> [T]he term 'qualified alien' means an alien who, at the time the alien applies for, receives, or attempts to receive a Federal public benefit, is—
>
> (1) an alien who is lawfully admitted for permanent residence under the Immigration and Nationality Act [8 U.S.C.A. § 1101 et seq.],
>
> (2) an alien who is granted asylum under section 208 of such Act [8 U.S.C.A. § 1158],
>
> (3) a refugee who is admitted to the United States under section 207 of such Act [8 U.S.C.A. § 1157],
>
> (4) an alien who is paroled into the United States under section 212(d)(5) of such Act [8 U.S.C.A. § 1182(d)(5)] for a period of at least 1 year,
>
> (5) an alien whose deportation is being withheld under section 243(h) of such Act [8 U.S.C. 1253] (as in effect immediately before the effective date of section 307 of division C of Public Law 104-208) or section 241(b)(3) of such Act [8 U.S.C. 1231(b)(3)] (as amended by section 305(a) of division C of Public Law 104-208),
>
> (6) an alien who is granted conditional entry pursuant to section 203(a)(7) of such Act [8 U.S.C. 1153(a)(7)] as in effect prior to April 1, 1980; or

(7) an alien who is a Cuban and Haitian entrant (as defined in section 501(e) of the Refugee Education Assistance Act of 1980).

8 U.S.C. § 1641(b).

The exceptions to the general rule that qualified aliens are ineligible for SSI include, in relevant part (1) aliens who seek to receive benefits within seven years after their removal is withheld under Section 241(b)(3) of the INA, 8 U.S.C. § 1231(b)(1), *see* 8 U.S.C. § 1612(a)(2)(A)(iii); (2) aliens who are currently lawfully residing in the United States and who were receiving SSI as of August 22, 1996, *see* 8 U.S.C. § 1612(a)(2)(E); and (3) aliens who were lawfully residing in the United States on August 22, 1996 and who are disabled within the meaning of the Social Security Act, *see* 8 U.S.C. § 1612(a)(2)(F).

### B. Application

The ALJ's analysis in this case was at least superficially flawed for three reasons. First, while the ALJ determined that Ms. Zhagar was neither a United States citizen nor lawfully admitted to the United States for permanent residence, *see* AR at 14-15, the ALJ did not address whether Ms. Zhagar was "otherwise permanently residing in the United States under color of law," *see* 42 U.S.C. § 1382c(a)(1)(B)(i). Second, the ALJ incorrectly characterized "qualified alien" status as a condition precedent to the receipt of SSI. *See* AR at 13 ("In addition to being a 'qualified alien,' the individual must meet one of the following additional requirements in order to be found eligible [for SSI] . . . ."). In fact, qualified alien status generally renders an individual *ineligible* for SSI. *See* 8 U.S.C. § 1612(a)(1). Third, the ALJ incorrectly found that Ms. Zhagar is not a qualified alien. *See* AR at 15. As an alien whose removal had been withheld at the time she applied for SSI, *see id.* at 99, Ms. Zhagar is a qualified alien, *see* 8 U.S.C. § 1641(b)(5). As a result, unless she satisfies an exception set forth under § 1612(a)(2), she is ineligible for SSI.[1]

---

[1] The Commissioner repeats the latter two errors in her motion. *See* Comm. Mot. at 9 (asserting that "substantial evidence supports the ALJ's decision that plaintiff failed to demonstrate she was a qualified alien and, therefore, she did

4

Nonetheless, the ALJ's errors do not warrant remand in this case, as her ultimate conclusion Ms. Zhagar is ineligible for SSI because she does not satisfy any of the conditions set forth under § 1612(a)(2) is not based on legal error and is supported by substantial evidence. *See Zabala v. Astrue*, 595 F.3d 402, 409 (2d Cir. 2010) ("Remand [to the Commissioner] is unnecessary . . . [w]here application of the correct legal standard could lead to only one conclusion."). As to whether Ms. Zhagar is "permanently residing in the United States under color of law" (an issue not addressed by the ALJ), the Second Circuit has described this status as "an amorphous and elastic one" that includes "at least those aliens who are residing in the United States with the INS's knowledge and permission and whom the INS does not contemplate deporting." *Lewis v. Thompson*, 252 F.3d 567, 571-72 (2d Cir. 2001) (internal quotation marks omitted). Contrary to the assertion of the Commissioner, *see* Comm. Mot. at 6-7, the Social Security Administration has construed this status to include aliens, such as Ms. Zhagar, who have been granted withholding of removal under the INA, *see* 20 C.F.R. § 416.1618(b)(15) (listing "[a]liens whose deportation has been withheld pursuant to section 243(h) of the Immigration and Nationality Act" as one of several "[c]ategories of aliens who are permanently residing in the United States under color of law"). Ms. Zhagar thus satisfies the threshold SSI immigration status requirements articulated under 42 U.S.C. § 1382c(a)(1)(B)(i).

As indicated, however, Ms. Zhagar is nonetheless ineligible for SSI because she is a "qualified alien" who does not satisfy an exception to the general ineligibility of such aliens set forth under 8 U.S.C. § 1612(a)(2).[2] In particular, addressing the exceptions that are potentially applicable

---

not meet the eligibility requirements under the law for SSI"). And while the Commissioner addresses whether Ms. Zhagar is "permanently residing in the United States under color of law" in accordance with 42 U.S.C. § 1382c(a)(1)(B)(i), *see id.* at 6-7, she does so incorrectly for the reason noted in the text below.

[2] It is clear from the text of § 1612 that, in order to be eligible for SSI, it is not sufficient that an alien satisfy the status requirements articulated under 42 U.S.C. § 1382c(a)(1)(B)(i) (*i.e.*, it is not sufficient that an alien is "lawfully admitted for permanent residence or otherwise permanently residing in the United States under color of law"). *See* 8 U.S.C. § 1612(a)(1) ("*Notwithstanding any other provision of law* . . . , an alien who is a qualified alien . . . is not eligible for any specified Federal program . . . ." (emphasis added)).

5

to this case only, the record demonstrates that Ms. Zhagar applied for SSI in December 2011, *see* AR at 24, which was more than seven years after her removal was withheld in July 2000, *id.* at 99; 8 U.S.C. § 1612(a)(2)(A)(iii).³  Additionally, the record demonstrates that Ms. Zhagar was neither receiving SSI nor lawfully residing in the United States on August 22, 1996.  *See* 8 U.S.C. §§ 1612(a)(2)(E), 1612(a)(2)(F).  Regarding the latter point, the record indicates that, while Ms. Zhagar lawfully entered the United States on a visitor visa on July 31, 1996, that visa expired on August 2, 1996, and she did not thereafter acquire any lawful immigration status, at least until her removal was withheld in July 2000.  *See* AR at 76-78, 136, 148-50.

In opposing the Commissioner's motion, Ms. Zhagar's sole argument is that she was lawfully residing in the United States on August 22, 1996, because she "was in possession of an I-94 card" on that date.  Zhagar Opp. at 1; *see also id.* ("On arriving at the JFK airport, I was given, by an immigration officer, the immigration form I-94, also called the 'white card,' which gave me permission to lawfully enter and reside in the United States.").  There is no indication, however, that Ms. Zhagar raised this argument before the ALJ, and "[t]he failure to present an argument to the ALJ constitutes waiver of the right to raise it on appeal."  *Carvey v. Astrue*, No. 06-cv-0737 (NAM), 2009 WL 3199215, at *14 (N.D.N.Y. Sept. 30, 2009).  In any event, even if this argument were not waived, it does not provide a basis for overturning the ALJ's decision.  An I-94 Form is an "Arrival-Departure Record" issued to "each arriving nonimmigrant who is admitted to the United States . . . as evidence of the terms of admission."  8 C.F.R. § 235.1(h)(1); *see also Mariscal-Sandoval v. Ashcroft*, 370 F.3d 851, 853 n.4 (9th Cir. 2004) ("An I-94 Form is an alien arrival-departure record that serves as proof of the bearer's current immigration status and the time period during which his stay in this

---

³ Arguably, the exception to ineligibility set forth at § 1612(a)(2)(A)(iii) would be satisfied by an alien who applied for SSI more than seven years after being granted withholding of removal but retroactively sought benefits for a period within that seven-year window.  *See* 8 U.S.C. § 1612(a)(2)(A)(iii) (stating that the general rule that qualified aliens are ineligible for SSI "shall not apply to an alien until 7 years after the date . . . [on which] an alien's deportation is withheld").  The Court, however, is not required to resolve this issue, since Ms. Zhagar sought SSI for an alleged disability that began on December 24, 2010, *see* AR at 19, which was also more than seven years after her removal was withheld.

country is authorized."). This definition suggests that an I-94 Form is merely a record of each arriving nonimmigrant's immigration status, as opposed to a document, such as a visa, that itself confers lawful immigration status.

Moreover, even if an I-94 Form could independently confer lawful immigration status, Ms. Zhagar's I-94 Form does not demonstrate that she was lawfully residing in the United States on August 22, 1996. The copy of Ms. Zhagar's I-94 Form in the record is stamped with her arrival date—July 31, 1996—and contains a blank following the phrase "admitted until." AR at 103. But the handwritten notation filling in that blank is entirely illegible. *See id.* The Court cannot conclude, based on this illegible notation, that Ms. Zhagar's I-94 Form authorized her to remain in the United States beyond the August 2, 1996 expiration of her visitor visa, much less indefinitely, as suggested in her opposition papers. Ms. Zhagar's argument in opposition to the Commissioner's motion is thus unavailing, and the ALJ's finding that Ms. Zhagar was not lawfully residing in the United States on August 22, 1996 is supported by substantial evidence.

**IV.   Conclusion**

For the foregoing reasons, the ALJ's determination that Ms. Zhagar is not eligible for SSI based on her immigration status is supported by substantial evidence and is not based on legal error. Accordingly, the Commissioner's motion for judgment on the pleadings is granted. The Clerk of Court is instructed to enter judgment accordingly and to close the case.

SO ORDERED.

Dated:  August 11, 2015  
New York, New York

_____  
GREGORY H. WOODS  
United States District Judge